[No. B059789. Second Dist., Div. Seven. Apr. 13, 1993.]

THE PEOPLE, Plaintiff and Respondent, v.
MARCO AURELIO GUZMAN et al., Defendants and Appellants.

## Counsel

Earl L. Hanson and Michele A. Douglass, under appointments by the Court of Appeal, for Defendants and Appellants.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Carol Wendelin Pollack, Acting Assistant Attorney General, Tricia A. Bigelow and Alene M. Games, Deputy Attorneys General, for Plaintiff and Respondent.

## Opinion

**WOODS, (Fred), J.**—Appellants[1] (Marco Aurelio Guzman and Ruben Correa) were tried without a jury and found guilty of narcotics-related offenses.[2] The Attorney General concedes the record "does not reflect an express waiver of the right to a jury trial by appellant[s]." ■ The dispositive question is this: does the record, under the totality of circumstances, show a voluntary and intelligent jury waiver by appellants? (*People*

---

[1] A third defendant was tried with appellants but acquitted (Pen. Code, § 1118).

[2] Conspiracy to sell or transport cocaine (Pen. Code, § 182, subd. (1); count I) and possession of more than $100,000 in narcotics involved funds (Health & Saf. Code, § 11370.6; count II). A "25 pounds by weight" enhancement (Health & Saf. Code, § 11370.4, subd. (a)(3)) alleged re count I was found true. The court dismissed a third charge (Health & Saf. Code, § 11352, subd. (a)).

v. *Howard* (1992) 1 Cal.4th 1132, 1175 [5 Cal.Rptr.2d 268, 824 P.2d 1315].) The answer is "no." We reverse.

## DISCUSSION

Prior to *People* v. *Howard* the requirements of *Boykin/Tahl* (*Boykin* v. *Alabama* (1969) 395 U.S. 238 [23 L.Ed.2d 274, 89 S.Ct. 1709]; *In re Tahl* (1969) 1 Cal.3d 122 [81 Cal.Rptr. 577, 460 P.2d 449]), at least in California, might accurately have been summarized as follows: "To protect a defendant's fundamental rights, we must indulge every reasonable presumption against waiver of fundamental constitutional rights. The record on its face must show, among other things, an express and explicit waiver of rights. Thus, we may not presume a valid waiver from a silent record or infer a waiver from either the entry of a guilty plea after the advisement of rights or equivocal conduct, such as a defendant's failure to assert his or her rights or a defendant's silence when defense counsel waives his or her rights. In such circumstances, the record itself does not show that the defendant personally and unequivocally, that is, expressly and explicitly, waived his or her rights." (*People* v. *Anderson* (1991) 1 Cal.App.4th 318, 324 [1 Cal.Rptr.2d 676]. Internal citations omitted.) And if these requirements were not satisfied then, according to "most of [the] statements on the subject" by our Supreme Court (*People* v. *Howard, supra,* 1 Cal.4th at p. 1175), reversal, regardless of prejudice, followed.

■ In *People* v. *Howard* our Supreme Court reconsidered the appellate review standard for *Boykin/Tahl* error.[3] It held "that *Yurko* error involving *Boykin/Tahl* admonitions should be reviewed under the test used to determine the validity of guilty pleas under the federal Constitution. Under that test, a plea is valid if the record affirmatively shows that it is voluntary and intelligent under the totality of the circumstances." (*People* v. *Howard, supra,* 1 Cal.4th at p. 1175.)

Although *People* v. *Howard* involved the validity of an enhancement allegation admission, not, as here, solely the validity of a jury trial waiver, still *People* v. *Howard* is apposite. *People* v. *Howard* construed *Boykin/Tahl* standards. Those standards determine the validity of a jury trial waiver.

Under *People* v. *Howard* it is permissible to review the totality of the circumstances to determine whether a guilty plea, an admission, or a jury trial waiver—despite *Boykin/Tahl* admonition error—is voluntary and intelligent.

The Supreme Court conducted such a review in *People* v. *Howard.* Howard expressly admitted an enhancement allegation. The Supreme Court

---

[3]The context involved defendant's admission of a prior felony allegation. *Yurko* error (*In re Yurko* (1974) 10 Cal.3d 857 [112 Cal.Rptr. 513, 519 P.2d 561]) was committed because defendant was not expressly informed of his privilege against self-incrimination.

found that his admission, "despite the absence of an explicit admonition on the privilege against self-incrimination," was voluntary and intelligent. (*People* v. *Howard*, *supra*, 1 Cal.4th at p. 1180.)

■ However, the error here is not just with admonitions, although there is such error. In fact, there is no jury trial admonition at all. After the trial court stated, "Mr. Prosecutor, would you take the jury waiver?" the prosecutor proceeded to question appellants and a third defendant (through an interpreter) only about their right to a separate interpreter and to a speedy trial. Following their waiver of these rights, and without anything having been said about their jury trial right, the matter was continued.[4] Thereafter, the subject of a right to a jury trial was not addressed. On April 9, 1991, just before the court trial commenced, the trial court stated, "Okay, in the matter of Guzman, Correa and Osorio. There's already been a jury trial waiver in this matter, has there not, Counsel?" Trial counsel for defendant Osorio

---

[4]The pertinent reporter's transcript reads:

"THE COURT: Mr. Prosecutor, would you take the jury waiver?

"MR. FELDSTERN: Yes. [¶] Mr. Guzman, Mr. Osorio, and Mr. Correa, first of all, each of you has a right to have your own Spanish interpreter here today. [¶] Do you give up that right and agree to share this one interpreter for today's purposes, Mr. Guzman?

"DEFENDANT GUZMAN: (In English) No, I want my own. Yes.

"MR. FELDSTERN: Okay. Mr. Correa?

"DEFENDANT CORREA: (In English) Yes, sir.

"MR. FELDSTERN: And Mr. Osorio?

"DEFENDANT OSORIO: (In English) Yes.

"MR. FELDSTERN: Additionally,—is that yes?

"DEFENDANT OSORIO: Yes.

"MR. FELDSTERN: Additionally, each of you has a right to be tried within the next five days. [¶] Do you agree to give up that right, and in instead, have your trial set for February 25th of 1991 and that your trial would begin on that date or within five days of that date—after that date, excuse me. [¶] Mr. Guzman, is that agreeable with you?

"DEFENDANT GUZMAN: Yes, sir.

"MR. FELDSTERN: Mr. Correa, is that—

"DEFENDANT CORREA: Yes, sir.

"MR. FELDSTERN: Mr. Osorio?

"DEFENDANT OSORIO: Yes.

"MR. FELDSTERN: Counsel join?

"MR. HANSON: Counsel joins.

"MR. CABALLERO: Counsel joins.

"MR. PASSANANTE: Counsel joins.

"THE COURT: Gentlemen, this is a completely de novo trial. Is there any submission on any part of the transcript?

"MR. FELDSTERN: We are going to if—we'll discuss that.

"THE COURT: Okay. Please let me know in advance so I can read the transcript if that's, in fact, what we are going to do, okay? [¶] All you gentlemen are ordered to return on the 25th of February at 8:00 a.m.

"MR. CABALLERO: Thank you, Your Honor.

"MR. HANSON: Thank you.

"MR. PASSANANTE: Thank you, Your Honor."

answered "Yes, Your Honor." Appellants' counsel, the district attorney, and, of course, appellants, said nothing.

On this record, even if appellants *had* said the words "I consent to a court trial," any finding that their waivers were "voluntary and intelligent" would be dubious indeed. (Cf. *People* v. *Moore* (1992) 8 Cal.App.4th 411 [10 Cal.Rptr.2d 286] [Defendant had a jury trial, was convicted, bifurcated his two priors, expressly admitted one—but without any admonitions—and then, after full *Boykin/Tahl* admonitions and waivers, admitted the other. Held, his admission of the first prior was invalid under *People* v. *Howard*].)

We need not address such a finding because the error here is the *absence* of a jury waiver. We find nothing in *People* v. *Howard* authorizing an appellate court to find "voluntary and intelligent" a *nonexistent* jury trial waiver. (See *People* v. *Ernst* (1992) 11 Cal.App.4th 75 [14 Cal.Rptr.2d 19].) As Chief Justice Gibson said for a unanimous court, "it has been uniformly held that the [jury trial] waiver must be [ ] expressed [in words] and will not be implied from a defendant's conduct." (*People* v. *Holmes* (1960) 54 Cal.2d 442, 443-444 [5 Cal.Rptr. 871, 353 P.2d 583].)

As *People* v. *Howard* clearly implies, before a guilty plea, admission, or jury trial waiver may be found "voluntary and intelligent" (under the totality of the circumstances), there must first *be* a guilty plea, admission, or jury trial waiver. Here there was none.

A reversal being required, we need not address other errors claimed by both appellants and respondent.

DISPOSITION

The judgments are reversed.

Lillie, P. J., and Johnson, J., concurred.