116 Cal.Rptr.2d 208 (2002)
95 Cal.App.4th 967
The PEOPLE, Plaintiff and Respondent,
v.
Clyde MOSBY, Defendant and Appellant.
No. C033593.
Court of Appeal, Third District,
January 31, 2002.
Review Granted May 1, 2002.
*209 Steven A. Torres, Torres & Torres, Boston, MA, for Defendant and Appellant.
Bill Lockyer, Attorney General, David P. Druliner, Chief Assistant Attorney General, Robert R. Anderson, Senior Assistant Attorney General, Stan Cross, Supervising Deputy Attorney General, Susan J. Orton, Deputy Attorney General, for Plaintiff and Respondent.
Certified for Partial Publication.[*]
KOLKEY, J.

I. INTRODUCTION
After a jury found defendant Clyde Mosby guilty of selling cocaine (Health & Saf.Code, § 11352, subd. (a)), defendant admitted that he had suffered a prior conviction for possession of a controlled substance within the meaning of Health and Safety Code section 11370, subdivisions (a) and (c).
On appeal, he contends that the trial court (1) failed to properly admonish him and obtain the requisite waivers, as required by In re Tahl (1969) 1 Cal.3d 122, 81 Cal.Rptr. 577, 460 P.2d 449 (Tahl), before he admitted his prior conviction, and (2) erred in instructing the jury pursuant to CALJIC No. 17.41.1. Since defendant was not prejudiced in either case, we shall affirm.
In the published portion of this opinion, we address whether a defendant's admission of a prior conviction is voluntary and intelligentthe test for harmless error herewhen the record reflects that the defendant has expressly waived his right to both a jury and court trial in connection with his admission of his prior conviction, but has neither been expressly advised of, nor waived, his rights to remain silent or to confront witnesses in accordance with Tahl, supra, 1 Cal.3d 122, 81 Cal.Rptr. 577, 460 P.2d 449. We conclude that a defendant has made a voluntary and intelligent decision to admit his prior conviction, when he has expressly waived his right to both a jury and court trial over the issue of his prior conviction pursuant to the advice of counsel, and has just completed a jury trial, where he has confronted witnesses and exercised his right to remain silent. Under those circumstances, a defendant must necessarily be aware that the waiver of his right to trial means that he is waiving his right to confront witnesses at that waived trial, and that by admitting his prior conviction, he is waiving his right to remain silent over the existence of that conviction. It would exalt a formula (the specific admonitions to be enumerated for a valid plea under Tahl) over the very standard that the formula is supposed to serve (that the plea is intelligent and voluntary)and would affront common senseto suggest that a defendant, who has just completed a contested jury trial, is nonetheless unaware that he is surrendering the protections of such a trial when he thereafter expressly waives his right to both a jury and court trial over the issue of his prior conviction pursuant to the advice of counsel and instead admits the conviction. While we do not condone the trial court's failure to give the required admonitions under Tahl, supra, 1 Cal.3d 122, 81 Cal.Rptr. 577, 460 P.2d 449, neither do we consider, on this record, the defendant's admission of his prior conviction to be anything but intelligent and voluntary.

II. FACTUAL AND PROCEDURAL BACKGROUND
Given the contentions on appeal, the underlying facts of the offense may be briefly stated.
An undercover police officer approached Alice Fulbright, and asked where he could get a "20," i.e., $20 worth of rock cocaine. *210 Fulbright directed the officer to another location, where defendant motioned the officer over. When the officer pulled up, defendant approached the vehicle, and the officer told defendant that he wanted $20 worth of rock cocaine. Defendant responded "all right," and told a second man that the officer wanted a 20. The officer gave the second man $20 in exchange for a piece of rock cocaine.
Defendant and Fulbright were each charged with one count of selling cocaine in violation of Health and Safety Code section 11352, subdivision (a). Defendant was also alleged to have suffered a prior felony conviction for possession of a controlled substance within the meaning of Health and Safety Code section 11370, subdivisions (a) and (c).
The jury found both defendant and Fulbright guilty of selling cocaine. Defendant waived his right to a jury over the adjudication of his prior felony conviction allegation and subsequently admitted it.

III. DISCUSSION

A. Defendant's Admission of His Prior Conviction

We address first defendant's claim that the trial court failed to properly admonish him and obtain the requisite waivers before he admitted his prior conviction.

1.
After the jury had reached its verdicts, but before they were announced, the court engaged in the following colloquy with defendant and his counsel:
"The Court: . . . Before we bring the jury back, however, with respect to Mr. Mosby [the defendant], the information alleges a prior felony conviction by Mr. Mosby, which was bifurcated.
"The question is, should this jury return a guilty verdict as to Mr. Mosby, the hearing on whether it is true he did suffer such a prior conviction. Mr. Dawson.
"Mr. Dawson [Defendant's Counsel]: Your Honor, I've spoken with Mr. Mosby, and at this time, he's willing to, first of all, waive jury on that issue. He will leave that in the hands of the court.
"But secondly, at [t]his time, I am in agreement that he will admit the enhancement....
"The Court: Well, your understanding is he's willing to waive the jury?
"Mr. Dawson: Waive the jury and actually admit the prior offense.
"The Court: We can deal with that afterwards.
"Mr. Mosby, it's alleged in the information that you were convicted of a felony violation, a drug offense, back on or about May 5th of '93, that's alleged in the information, so that if that's true, you were convicted on this charge, this present charge, it would make you ineligible for probation, do you understand that?
"The Defendant: Yes.
"The Court: You are entitled to have this jury, if they should find you guilty, you're entitled to have this jury determine the truth of the allegation that you suffered this prior felony conviction.
"You're entitled to have the jury hear that and make a decision on whether that's true [or] not.
"Do you understand that?
"The Defendant: Yes.
"The Court: Do you waive and give up your right to have this jury make a determination as to whether you suffered such a prior conviction?
"The Defendant: Yes.
*211 "The Court: And do you join in that, Mr. Dawson?
"Mr. Dawson: I do.
"The Court: Thank you. I'll ask the bailiff to return the jury to the courtroom."
After the jury verdicts were read and the jury polled and discharged, the court turned again to the issue of defendant's alleged prior conviction:
"The Court: First of all, as to the case and the prior conviction alleged against Mr. Mosby, Mr. Dawson, since Mr. Mosby wants the court to hear that matter, or prepared to admit the prior
"Mr. Dawson: He's prepared to admit the prior.
"The Court: Mr. Mosby, can you understand that you are entitledyou already waived having the jury determine the truth of this prior felony conviction of yours that's alleged. You are entitled to having waived the jury, you're entitled to have the court hear the matter, as well, to make a determination.
"Do you understand that?
"The Defendant: Yes.
"The Court: Do you waive and give up your right to have the court make that determination?
"The Defendant: Yes.
"The Court: Mr. Mosby, to the allegation in the information that on or about May 5th, 1993, in the Superior Court of the State of California for the County of Sacramento, you were convicted of a felony, controlled substance of narcotic drug offense, to wit, the crime of possession of a controlled substance in violation of Section 11350 of the Health and Safety Code.
"Do you admit or deny that?
"The Defendant: I admit it."

2.
Defendant contends that his sentence must be reversed, and the matter remanded for resentencing because before the trial court accepted his admission of his prior conviction, it "failed to advise [defendant] of any of his constitutional rights, other than his right to a jury trial, or to secure [defendant's] waiver of those rights." Accordingly, defendant argues that "the admissions were not `knowing and intelligent,' and this court must reverse [defendant's] three year eight month commitment...."
In Boykin v. Alabama (1969) 395 U.S. 238, 242-244, 89 S.Ct. 1709, 1711-1713, 23 L.Ed.2d 274, 279-280 (Boykin), the United States Supreme Court held that it was error for a trial court to accept a defendant's guilty plea to a series of robberies "without an affirmative showing that it was intelligent and voluntary." (395 U.S. at p. 242, 89 S.Ct. at p. 1711, 23 L.Ed.2d at p. 279.) It explained that the waiver of three constitutional rights was involved in a plea-the privilege against compulsory self-incrimination, the right to trial by jury, and the right to confront one's accusers and that it could not "presume a waiver of these three important federal rights from a silent record." (395 U.S. 238, 243-244, 89 S.Ct. 1709, 1712-1713, 23 L.Ed.2d 274, 279-280.)
In Tahl, supra, 1 Cal.3d 122, 81 Cal. Rptr. 577, 460 P.2d 449, limited on other grounds in Mills v. Municipal Court (1973) 10 Cal.3d 288, 302-311, 110 Cal. Rptr. 329, 515 P.2d 273, the California Supreme Court concluded (erroneously, as it turned out[1]) that Boykin required "that *212 each of the three rights mentionedself-incrimination, confrontation, and jury trialmust be specifically and expressly enumerated for the benefit of and waived by the accused prior to acceptance of his guilty plea.... [¶] This does not require the recitation of a formula by rote or the spelling out of every detail by the trial court. It does mean that the record must contain on its face direct evidence that the accused was aware, or made aware, of his right to confrontation, to a jury trial, and against self-incrimination, as well as the nature of the charge and the consequences of his plea. Each must be enumerated and responses elicited from the person of the defendant. Because mere inference is no longer sufficient, the presence of an attorney cannot alone satisfy these requirements. . . ." (Tahl, supra, 1 Cal.3d at p. 132, 81 Cal.Rptr. 577, 460 P.2d 449, original italics.)
In In re Yurko (1974) 10 Cal.3d 857, 863, 112 Cal.Rptr. 513, 519 P.2d 561, the California Supreme Court subsequently extended the Boykin-Tahl admonitions to the admission of a prior conviction: "We conclude that Boykin and Tahl require, before a court accepts an accused's admission that he has suffered prior felony convictions, express and specific admonitions to the constitutional rights waived by an admission. The accused must be told that an admission of the truth of an allegation of prior convictions waives . . . the same constitutional rights waived as to a finding of guilt in case of a guilty plea." (In re Yurko, supra, 10 Cal.3d at p. 863, 112 Cal.Rptr. 513, 519 P.2d 561.)
However, in People v. Howard, supra, 1 Cal.4th 1132, 5 Cal.Rptr.2d 268, 824 P.2d 1315 (Howard), the California Supreme Court observed that its decision in In re Yurko was based "on the interpretations of federal law set out in Boykin and Tahl" (1 Cal.4th at p. 1175, 5 Cal.Rptr.2d 268, 824 P.2d 1315) and ruled that while "explicit admonitions and waivers are still required in this state" (1 Cal.4th at p. 1179, 5 Cal.Rptr.2d 268, 824 P.2d 1315), "errors in the articulation and waiver of those rights shall require the plea to be set aside only if the plea fails the federal test." (1 Cal.4th at p. 1175, 5 Cal.Rptr.2d 268, 824 P.2d 1315.) Under the federal test, "a plea is valid if the record affirmatively shows that it is voluntary and intelligent under the totality of the circumstances." (1 Cal.4th at p. 1175, 5 Cal.Rptr.2d 268, 824 P.2d 1315.) Our state high court reasoned that "the [United States] high court has never read Boykin as requiring explicit admonitions on each of the three constitutional rights" and that instead "the court has said that the standard for determining the validity of a guilty plea `was and remains whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant.'" (1 Cal.4th at p. 1177, 5 Cal.Rptr.2d 268, 824 P.2d 1315, citing North Carolina v. Alford (1970) 400 U.S. 25, 31, 91 S.Ct. 160, 164, 27 L.Ed.2d 162, 168.) Therefore, the state Supreme Court concluded that because "the effectiveness of a waiver of federal constitutional rights is governed by federal standards" (1 Cal.4th at p. 1178, 5 Cal.Rptr.2d 268, 824 P.2d 1315), the federal testthat "[t]he record must affirmatively demonstrate that the plea was voluntary and intelligent under the totality of the circumstances" must be adopted. (Ibid.)
In Howard, the state high court found that the failure to admonish and obtain a waiver of the defendant's right against *213 self-incrimination was harmless in connection with the defendant's admission of a prior prison term. There, the defendant admitted before trial a special allegation that he had served a prison term for burglary within the meaning of Penal Code section 667.5, subdivision (b). (1 Cal.4th at p. 1174, 5 Cal.Rptr.2d 268, 824 P.2d 1315.) The admission was made during the following exchange with trial court:
"`The Court: All right. Mr. Howard, you have a right to present thisany of these allegations, of course, to the jury for their determination as to whether they're true or not. It is my understanding that you wish to waive that right of presenting it to a jury; is that correct?
"`The Defendant: Yes.
"`The Court: All right. You realize you have the right to force the District Attorney to prove this and to bring in evidence and witnesses?
"`The Defendant: Yeah.
"`The Court: And be confronted by them? You wish to waive those rights?
"`The Defendant: Yes.
"`The Court: And so therefore, you are asking that the special allegation, each time it alleges the prior violation of Section 459 of the Penal Code, on the 2nd of September, 1980, you areit is your intention to admit that violation?
"`Defendant: Yeah.'" (1 Cal.4th at pp. 1179-1180, 5 Cal.Rptr.2d 268, 824 P.2d 1315.)
The Supreme Court in Howard held that the failure to obtain an express waiver of the privilege against self-incrimination (as required by Tahl), before accepting the defendant's admission of his prior prison term, constituted error under In re Yurko, supra, 10 Cal.3d at pages 861-865, 112 Cal.Rptr. 513, 519 P.2d 561, but that "the absence of an express waiver of the privilege against self-incrimination does not lead us to conclude that defendant's admission of the prior was less than voluntary and intelligent." (1 Cal.4th at p. 1180, 5 Cal.Rptr.2d 268, 824 P.2d 1315.) It concluded that because the defendant was advised of his right to a jury and the right to confront witnesses, and because the evidence suggested that he also knew he had a right not to admit the prior conviction, his admission was voluntary and intelligent:
"The record in this case affirmatively demonstrates that defendant knew he had a right not to admit the prior conviction and, thus not to incriminate himself. The [trial] court specifically informed defendant that he had a right to force the district attorney to prove the prior conviction in a trial and that, in such a trial, he would have the rights to a jury and to confront adverse witnesses. The admonitions were not empty words because defendant was actively represented by counsel and preparing for trial on charges to which he had pled not guilty. Moreover, there was a strong factual basis for the plea. On this record, considering the totality of the relevant circumstances, we conclude that defendant's admission of the prior conviction was voluntary and intelligent despite the absence of an explicit admonition on the privilege against self-incrimination." (Howard, 1 Cal.4th at p. 1180, 5 Cal. Rptr.2d 268, 824 P.2d 1315, fn. omitted.)
In this case, defendant's admission of his prior conviction was also voluntary and intelligent under the totality of the circumstancesthe relevant test enunciated in Howard. Defendant had just completed a jury trial over his charged offense and had exercised his right to remain silent and to confront witnesses in that trial; he was thereafter advised of his right to a jury trial on the adjudication of the truth of the allegation of his prior conviction and *214 waived it; he was advised of the consequence of a finding that he had sustained a prior conviction; and he was advised that following his waiver of a jury, he was entitled to have the court hear the matter and thereafter waived his "right to have the court make that determination." Further, the record shows that the prior conviction was in the form of a guilty plea to a cocaine possession charge; thus, the proof of the prior conviction would have been straightforward.
It would frankly be absurd for this court to find that the defendant's admission of his prior convictiona prior plea of guiltywas not voluntary and intelligent when he knew he did not have to admit it but could have had a jury or court trial, had just participated in a jury trial where he had confronted witnesses and remained silent, and had experience in pleading guilty in the past, namely, the very conviction that he was now admitting. A "defendant's prior experience with the criminal justice system [i]s relevant to the question whether he knowingly waived constitutional rights [citations]...." (Parke v. Raley (1992) 506 U.S. 20, 37, 113 S.Ct. 517, 527, 121 L.Ed.2d 391, 408; Marshall v. Lonberger (1983) 459 U.S. 422, 437, 103 S.Ct. 843, 852, 74 L.Ed.2d 646, 660.)[2]
It is true that unlike Howard, in which only the right against self-incrimination had not been enumerated and waived, the defendant in this case was not expressly advised of, nor expressly waived, two of the three Boykin-Tahl rights: his right against self-incrimination and his right to confront witnesses. But the determination of whether a plea is actually voluntary and intelligent under the totality of the circumstances requires more than the rote calculation of the number of Boykin-Tahl rights admonished. After all, the test is based on the totality of the circumstances, not the total of the admonitory citations. Here, "it strains credulity," as the Attorney General puts it, that the defendant, having just completed a jury trial before admitting his prior conviction, would not know that by expressly waiving his right to a trial over that prior conviction, he was surrendering his right to confront witnesses in such a waived trial, or that by admitting his prior conviction, he was waiving his right to remain silent. As the Supreme Court in Howard explained, "`[a] plea of guilty is the most complete form of self-incrimination'" (1 Cal.4th at p. 1180, 5 Cal.Rptr.2d 268, 824 P.2d 1315); since the "defendant knew he had a right not to admit the prior conviction," he knew he had a right not to incriminate himself. (Ibid.) When the defendant knows he has a right not to plead guilty, "there is `no need to go farther and attach to such knowledge the talismanic phrase "right not to incriminate *215 himself."'" (Howard, supra, 1 Cal.4th at p. 1180, 5 Cal.Rptr.2d 268, 824 P.2d 1315.)
We find support for our conclusion in United States v. Dawson (9th Cir.1999) 193 F.3d 1107. There, the defendant challenged his guilty plea to robberythis one 20 years oldon the ground that the trial court, as here, had not informed him of his right to confrontation and his privilege against self-incrimination. Affirming the denial of habeas corpus relief, the Ninth Circuit Court of Appeals concurred in the district judge's findings that the defendant knew he was waiving his right to confrontation and against self-incrimination, based on his then-recent experiences in other criminal cases, including an earlier plea of guilty in which he was advised of his right to confrontation and privilege against self-incrimination.
We acknowledge that three decisions of the state courts of appeal have found that their records did not affirmatively show that an admission was voluntary and intelligent in cases where the defendant only waived his right to a jury trial. (E.g., People v. Howard (1994) 25 Cal.App.4th 1660, 31 Cal.Rptr.2d 103; People v. Torres (1996) 43 Cal.App.4th 1073, 51 Cal.Rptr.2d 77; People v. Carroll (1996) 47 Cal.App.4th 892, 897, 54 Cal.Rptr.2d 868.)
But we do not believe that the first two cases can withstand scrutiny, and the third case is distinguishable.
In People v. Howard, supra, 25 Cal. App.4th 1660, 31 Cal.Rptr.2d 103, after the jury returned a guilty verdict, the court took defendant's admission of a prior prison term without admonishing him concerning, or obtaining waivers of, his rights to confrontation and against self-incrimination. However, like here, the defendant waived his right to both a jury and a court trial. In a 2-1 decision, without conducting any harmless error analysis or mentioning the California Supreme Court's decision in Howard, supra, 1 Cal.4th 1132, 5 Cal.Rptr.2d 268, 824 P.2d 1315, the majority simply stated that defendant "was not admonished as to his rights to confrontation and against self-incrimination explicitly, or in terms amounting to a reasonable substitute for an explicit admonition." (25 Cal.App.4th at p. 1665, 31 Cal.Rptr.2d 103.) That analysis merely assessed whether the Boykin-Tahl test was met, not whether the admission was voluntary and intelligent.
The next such case, People v. Torres, supra, 43 Cal.App.4th 1073, 51 Cal.Rptr.2d 77, was before the very same judges as in People v. Howard, supra, 25 Cal.App.4th 1660, 31 Cal.Rptr.2d 103; the opinion was written by the same judge; and the result was unsurprisingly the same. There, the defendant expressly waived his right to a jury trial over the truth of prior conviction allegations, but was not advised of his right to confront his accusers or his right to remain silent. (Id. at pp. 1080-1081, 51 Cal.Rptr.2d 77.) Because there was no advisement of those two rights, the court in Torres concluded, "In contrast to the Howard case [1 Cal.4th 1132, 5 Cal. Rptr.2d 268, 824 P.2d 1315], it is not possible here to find defendant's admissions of guilt were `voluntary and intelligent under the totality of circumstances.'" (43 Cal. App.4th at p. 1082, 51 Cal.Rptr.2d 77.) The Court of Appeal observed: "`We have no doubt that [the defendant] was in fact aware of his right to . . . confront witnesses and his right to remain silent, all of which he had just exercised in trial. What is impossible to determine from this silent record is whether [the defendant] not only was aware of these rights, but was also prepared to waive them as a condition to admitting his prior offenses.'" (Id. at p. 1082, 51 Cal.Rptr.2d 77.)
*216 We disagree: If the defendant in People v. Torres was aware of his right to confront witnesses and remain silent as a result of the trial that he had just completed, how could it be "impossible" to determine whether he was prepared to waive the right to confront witnesses when he chose to waive the trial within which he could confront witnesses? If defendant was aware of his right to remain silent, how was it "impossible" to determine that the defendant was prepared to waive that right when he chose not to remain silent and instead admit his prior offenses? To the contrary, if the issue is waiver of a known right, it necessarily follows that a defendant who admits a prior conviction understands that he will not be exercising his right to remain silent over that which he has admitted; and if he admits the prior conviction, it necessarily follows that he is surrendering his right to confront witnesses in the very trial that he has expressly waived.
The final case that is seemingly contrary to our conclusion is People v. Carroll, supra, 47 Cal.App.4th at page 897, 54 Cal. Rptr.2d 868. There, following a jury verdict of guilt for kidnapping in the second trial of that charge, the defendant waived a jury trial on two alleged priors and admitted them. In that connection, defendant was asked only if he wished to waive his right to a trial on those allegationsalthough he had been informed before his first trial of his right to a jury trial on the prior conviction allegations. The Court of Appeal observed: "The issue of trial on the priors was not revisited until after the completion of the second trial. At that time the very cursory and erroneous questioning of the defendant occurred. The record does not reflect [defendant] was ever advised fully or even in a summary fashion as to the nature of the rights he was giving up by his decision to waive trial and admit the priors." (47 Cal.App.4th at p. 897, 54 Cal.Rptr.2d 868.) The Court of Appeal concluded: "This is not a record of technical defect; this is a record devoid of any meaningful effort to ensure the defendant was making an informed decision. The trial court's failure to follow the clear and long-established rules laid down by the Supreme Court cannot be cured by any effort on our part to scour the record for scraps of information the defendant might have gleaned on his own in assisting him in making an informed decision. [¶] . . . [¶] The consequences of admissions of priors in cases such as this are too grave and the giving of a proper warning far too easy to justify this court in searching through the record for something to save the admission." (47 Cal.App.4th at p. 897, 54 Cal.Rptr.2d 868, fn. omitted.)
Three points. First, in People v. Carroll, supra, the record was much poorer and more cursory than here: The defendant in Carroll only waived his "right to trial" at the time of his admission. (47 Cal.App.4th at p. 896, 54 Cal.Rptr.2d 868.) He was not told of his right to a jury trial at that time (and could not necessarily be expected to remember what he was told two trials ago), let alone informed of his other rights. In contrast, in our case, by talking about the right to have a "jury determine the truth of the allegation" or to have the court "hear" the matter "to make a determination," defendant not only knew he had a right to a jury trial, but the trial court also made clear to defendant that even without a jury, he was entitled to a trial-where evidence would be presented and tested, just as he had observed in the trial on his charged offense. Second, People v. Carroll also differs from this case because it did not consider the extent to which the defendant's experience in his immediately preceding trial made his admission intelligent. Third, the Court of Appeal's emphasis in People v. Carroll was *217 less on whether his admission was voluntary and intelligent, and more on the failure to give the Boykin-Tahl admonitions.
The other California appellate decisions that have found prejudice by virtue of the failure to give the Boykin-Tahl admonitions in the context of an admission of a prior conviction have involved a failure to give any advisements or obtain any waivers of the defendant's rights against self-incrimination, to a jury trial, or to confrontation. (E.g., People v. Campbell (1999) 76 Cal.App.4th 305, 90 Cal.Rptr.2d 315; People v. Moore (1992) 8 Cal.App.4th 411, 10 Cal.Rptr.2d 286; People v. Johnson (1993) 15 Cal.App.4th 169, 177-178, 18 Cal. Rptr.2d 650.) Thus, they are not apposite. As the Court of Appeal in People v. Moore, supra, 8 Cal.App.4th 411, 10 Cal.Rptr.2d 286, concluded: "If this [showing of an absence of any admonitions] were sufficient, it is difficult to discern what would not be. It is the classic `silent record' condemned in Boykin (395 U.S. at p. 243 [89 S.Ct. at p. 1712, 23 L.Ed.2d at pp. 279-280]), in language reiterated in Howard. (1 Cal.4th at p. 1176, 5 Cal.Rptr.2d 268, 824 P.2d 1315.)" (8 Cal.App.4th at p. 417, 10 Cal.Rptr.2d 286.)
In this case, however, the record was not silent (the circumstance upon which Boykin based its decision). Moreover, it should be apparent that an assessment of the intelligent and voluntary nature of a plea (that is, the harmless error analysis under Howard) is necessarily different in the context of an admission of a prior conviction following a jury trial than in the context of a plea that substitutes for the trial. Boykin and Tahl arose under the latter circumstance where the court could not "presume a waiver of the[ ] three important federal rights from a silent record." (Boykin, supra, 395 U.S. at p. 243, 89 S.Ct. at p. 1712, 23 L.Ed.2d at pp. 279-280.) But the record is not silent when it shows that the defendant has just completed a jury trial in which he has exercised the very rights that are the subject of the Boykin-Tahl admonitions and then expressly waives his right to both a jury and court trial over the matter to which he agrees to admit.
Where the defendant, represented by counsel, has just completed a jury trial on a charged offense and is thereafter advised that he has a right to either a jury or court trial over the truth of his prior conviction, defendant must be aware that the waiver of his right to trial means that he is surrendering his right to confront witnesses at the waived trial and that his admission of his prior conviction waives his right to remain silent at the waived trial. We must not lose sight of the fact that the "standard was and remains whether the plea represents a voluntary and intelligent choice among alternative courses of action open to the defendant." (North Carolina v. Alford, supra, 400 U.S. at p. 31, 91 S.Ct. at p. 164, 27 L.Ed.2d at p. 168, cited favorably for this proposition by Howard, supra, 1 Cal.4th at p. 1177, 5 Cal.Rptr.2d 268, 824 P.2d 1315.) It would exalt a formula (Boykin-Tahl) over the very standard that the formula is supposed to serve (that the plea is intelligent and voluntary) to suggest that a defendant, who has just finished a contested jury trial, is nonetheless unaware that he is surrendering the protections of such a trial when he thereafter expressly waives his right to both a jury and court trial over the issue of his prior conviction pursuant to the advice of counsel and instead admits it.
Consequently, we conclude that defendant's admission of his prior conviction, following his waiver of his right to both a jury and court trial to determine its truth, was "voluntary and intelligent under the *218 totality of circumstances" within the meaning of Howard.[3]

B. CALJIC No. 17.41.1[**]

DISPOSITION
The judgment is affirmed.
We concur: BLEASE, Acting P.J., and HULL, J.
NOTES
[*] Pursuant to California Rules of Court, rule 976.1, this opinion is certified for publication with the exception of part III. B.
[1] "In the 22 years since Tahl, our interpretation of federal law in that opinion has not garnered significant support in the federal courts. Indeed, the high court has never read Boykin as requiring explicit admonitions on each of the three constitutional rights.... [¶] While the high court has never accepted our interpretation of Boykin, the federal appellate courts have expressly rejected it." (People v. Howard (1992) 1 Cal.4th 1132, 1177, 5 Cal. Rptr.2d 268, 824 P.2d 1315.)
[2] We acknowledge that the Court of Appeal in People v. Campbell (1999) 76 Cal.App.4th 305, 310, 90 Cal.Rptr.2d 315, refused to infer from a defendant's prior experience and familiarity with the criminal justice system that he intelligently and voluntarily waived his rights, and stated that "[i]f this experience were sufficient to constitute a voluntary and intelligent waiver of constitutional rights, courts would rarely be required to give Boykin/Tahl admonitions." But that pronouncement only addresses whether a defendant's experience is "sufficient" to show a voluntary and intelligent waiver. While a defendant's experience with the criminal justice system, by itself, may not be "sufficient" to show that an admission of a prior conviction is intelligent and voluntary, it is certainly relevant as part of the totality of the circumstances in determining whether the admission is intelligent and voluntary. And since the effectiveness of a waiver of federal constitutional rights is governed by federal standards (Howard, supra, 1 Cal.4th at p. 1178, 5 Cal.Rptr.2d 268, 824 P.2d 1315), the United States Supreme Court's assertion that a defendant's prior experience with the criminal justice system is relevant (Parke v. Raley, supra, 506 U.S. at p. 37, 113 S.Ct. at p. 527, 121 L.Ed.2d at p. 408) controls the evaluation under Howard.
[3] Defendant does not challenge his waiver of his right to a jury trial on the prior conviction allegation, and thus we need not determine whether the failure to waive that right in the context of an admission of a prior conviction should be evaluated on the basis of a different harmless error test. (See People v. Epps (2001) 25 Cal.4th 19, 23, 104 Cal.Rptr.2d 572, 18 P.3d 2 ["The right, if any, to a jury trial of prior conviction allegations derives from [Penal Code] sections 1025 and 1158, not from the state or federal Constitution" and the erroneous denial of that right is one of state law]; cf. Apprendi v. New Jersey (2000) 530 U.S. 466, 486-491, 120 S.Ct. 2348, 2360-2363, 147 L.Ed.2d 435, 452-456 ["[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt," italics added].)
[**] See footnote *, ante.