[No. B052621. Second Dist., Div. Four. July 27, 1992.]

THE PEOPLE, Plaintiff and Respondent, v.
DAVID MOORE, Defendant and Appellant.

412

## COUNSEL

Elinor Dejez Burton, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Carol Wendelin Pollack, Acting Assistant Attorney General, Susan D. Martynec, Assistant Deputy Attorney General, and Kristofer Jorstad, Deputy Attorney General, for Plaintiff and Respondent.

## OPINION

**EPSTEIN, J.**—In this case, we hold that admonitions and waivers are insufficient to support appellant's admission of one of the two prior convictions charged as enhancements, but that they are sufficient for the other. We

also conclude that the former jeopardy principle does not bar retrial of the prior conviction that must be set aside. Finally, we agree with appellant's contention that he was not credited for presentence custody time to which he is entitled.

The appellant, David Moore, was charged with a narcotics offense. Two prior convictions also were alleged against him. Trial of the narcotics charge was bifurcated from trial of two prior convictions. After the jury reached its verdict on the narcotics violation, the jurors retired to the jury room to await further proceedings. At that point, appellant admitted the first prior conviction, but did so without any advisements or waivers of his constitutional rights to jury trial, confrontation and the privilege against self-incrimination. Then, following a minimal but adequate advisement and waiver of his rights, appellant admitted the second prior conviction. The jury was then discharged.

Because there were no admonitions with respect to the first of the two prior convictions alleged as enhancements, in our first opinion in this case we concluded that appellant's admission of this prior was invalid and that the case must be remanded for proper admonitions and waivers or for trial of that issue. We did so on the basis of *In re Yurko* (1974) 10 Cal.3d 857, 863 [112 Cal.Rptr. 513, 519 P.2d 561] and later authority. Shortly after our opinion was filed, the Supreme Court announced its decision in *People* v. *Howard* (1992) 1 Cal.4th 1132, 1174 [5 Cal.Rptr.2d 268, 824 P.2d 1315], in which it held that *Yurko* error is not per se reversible. Subsequently, the Supreme Court remanded this case to us for reconsideration in light of *Howard.* We have reconsidered the case in light of that decision, and we have reviewed the further briefing by counsel on the issue presented. As we shall explain, we conclude that under the totality of the circumstances of this case, the adjudication of the first prior conviction alleged against appellant must be set aside and the case remanded.

### FACTUAL AND PROCEDURAL SUMMARY

The appellant was charged with possession of cocaine base for sale. (Health & Saf. Code, § 11351.5.) The information also alleged two prior felony convictions, one for assault with a deadly weapon (Pen. Code, § 245, subd. (c)),[1] and the other for possession of a controlled substance for sale (Health & Saf. Code, §§ 11351, 11370.2 and 11370, subds. (a) and (c)). Appellant was charged with violation of his probation in case No. A987155, which arose from the earlier narcotics conviction. We need not discuss the underlying facts of the new charge since appellant does not challenge his conviction for that offense.

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

Prior to impanelling the jury, the trial court granted appellant's request to bifurcate trial on the issue of whether he had suffered the prior convictions from the trial of the primary offense. The jury convicted appellant of possession of cocaine base for sale, and the trial court immediately directed the jurors to return to the jury room to await further instructions. The jury was not discharged.

The following colloquy then took place. "The Court: People have charged the defendant with commission of a prior felony by which he has served a separate term in the state prison within five years of this crime. [¶] Will counsel for the defendant stipulate to the prior? . . . [¶] [Counsel for appellant]: The defendant wants to admit the prior, Your Honor. Stipulate to the prior. [¶] . . . [¶] The Court: Mr. Moore, is that your own desire, to admit the prior? [¶] The defendant: Yes. [¶] The Court: Do you admit that on or about February 12, 1985, in the Superior Court of the State of California, for the County of Los Angeles, in Case No. A-629717 you were convicted of the crime of assault with a deadly weapon, a felony, in violation of section 245(c) of the Penal Code and that you served a separate term in the state prison for that offense; is that correct? [¶] The defendant: Yes."

This record fails to reflect any admonishment to or waiver by appellant of his rights to jury trial, confrontation and cross-examination, or the privilege against self-incrimination. After appellant admitted the prior conviction for assault with a deadly weapon, the prosecuting attorney took up the second alleged prior conviction.

The district attorney stated that appellant was entitled to admit the allegation of the second prior, or to have the issue tried by jury or by the court. At first, the court expressed its belief that the allegation referred only to a violation of appellant's probation. The district attorney corrected the court, explaining that the second prior conviction also was alleged as an enhancement.

The trial court directed the district attorney to take the jury waiver. The following then occurred: "[The District Attorney]: It is my understanding that you are going to admit that on or about the 12th day of July, 1989, in Case No. A-987155 you were convicted of Health and Safety Code section 11351; is that correct? [¶] The defendant: Yes. [¶] [The District Attorney]: Is it your intention today that you wish to waive a jury trial on the allegation that you suffered a prior? [¶] The defendant: Yes. [¶] [The District Attorney]: Mr. Tucker [counsel for appellant], do you concur? [¶] Mr. Tucker: And all the rights thereto, yes. [¶] [The District Attorney]: Mr. Moore, do you waive your right to a jury trial and you waive your right to confront and cross-examine witnesses? . . . [¶] The Defendant: Yes. [¶] [The District Attorney]:

You waive your right to the privilege against self-incrimination? [¶] The Defendant: Yes. [¶] [The District Attorney]: And, Mr. Tucker, you concur in the waiver of all the rights; is that correct? [¶] Mr. Tucker: Yes."

The district attorney went on to advise appellant of the sentencing consequences of his admission of both the assault and narcotics prior convictions. The trial court found appellant to be in violation of probation, and then excused the jury. Appellant was sentenced to prison for the midterm of four years. He was sentenced to one additional year for the prior conviction of assault (§ 667.5, subd. (b)), and to three additional years pursuant to Health and Safety Code section 11370.2, subdivision (b) for the prior narcotics conviction.

Appellant received a consecutive two-year term for the earlier conviction for which he was on probation. His aggregate sentence amounted to 10 years. Appellant received credit for 120 days of actual time and 120 days of conduct credit. The sentence order was corrected and an amended abstract of judgment was filed imposing a one-year consecutive sentence (one-third the midterm of three years) for the crime for which probation had been granted and revoked. Appellant filed a timely notice of appeal.

DISCUSSION

I

*The Prior Conviction for
Assault With a Deadly Weapon*

A

The Supreme Court revisited earlier decisions governing the effect of inadequate waivers in *People* v. *Howard, supra,* 1 Cal.4th at page 1174. The court reiterated its position that trial courts must advise defendants of their rights to jury trial, confrontation, and the privilege against self-incrimination and secure waivers of those rights before accepting a plea of guilty. (See *In re Tahl* (1969) 1 Cal.3d 122 [81 Cal.Rptr. 577, 460 P.2d 449].) The *Yurko* case applied that rule to admissions of special allegations, such as the prior convictions alleged as enhancements in this case. Many later decisions have held, or at least stated, that failure to provide the admonitions and accept waivers of these three basic rights is reversible error per se. In *Howard,* the court pointed out that a per se rule, which was based on language in the United States Supreme Court decision in *Boykin* v. *Alabama* (1969) 395 U.S. 238 [23 L.Ed.2d 274, 89 S.Ct. 1709], is at odds with the overwhelming

weight of federal authority that has construed and applied *Boykin*. These cases support full admonitions and waivers, but apply a totality of the circumstances test to determine whether a plea admitting a special allegation is voluntary and intelligent, and hence valid.

Our Supreme Court accepted that position: "[W]e now hold that *Yurko* error involving *Boykin/Tahl* admonitions should be reviewed under the test used to determine the validity of guilty pleas under the federal Constitution. Under that test, a plea is valid if the record affirmatively shows that it is voluntary and intelligent under the totality of the circumstances. [Citations.] In the exercise of our supervisory powers, we shall continue to require that trial courts expressly advise defendants on the record of their *Boykin/Tahl* rights. However, errors in the articulation and waiver of those rights shall require the plea to be set aside only if the plea fails the federal test." (*People v. Howard, supra,* 1 Cal.4th at p. 1175.)

In *Howard*, the trial judge advised the defendant of his rights to jury trial and to confront the evidence against him in connection with a section 667.5, subdivision (b) allegation of a prior prison term. But the court apparently overlooked the privilege against self-incrimination; no admonition or waiver of that right was given or received. Nevertheless, the defendant had been expressly told that he had a right to force the prosecutor to prove the prior conviction in a trial, at which he would have the right to a jury determination and to confront the evidence against him. He was represented by counsel, and there was a strong factual basis for the plea. As to the omitted right, self-incrimination, the court observed that " '[a] plea of guilty is the most complete form of self-incrimination.' " (*People v. Howard, supra,* 1 Cal.4th at p. 1180.) Under the totality of these circumstances, the court held that the admission of the prior was voluntary and intelligent despite the omission of an explicit admonition of the privilege against self-incrimination, and it affirmed the special finding. (*Ibid.*)

■  In this case, as we have seen, there were no admonitions at all with respect to any of the three constitutional rights. All that preceded appellant's admission of the prior was the statement of counsel stipulating to the prior, and stating that appellant wanted to admit to it. If this were sufficient, it is difficult to discern what would not be. It is the classic "silent record" condemned in *Boykin* (395 U.S. at p. 243 [23 L.Ed.2d at pp. 279-280]), in language reiterated in *Howard*. (1 Cal.4th at p. 1176.)

The *Howard* court also reaffirmed its caveat in *Tahl* that trial courts would be well advised to err on the side of caution and take the time necessary to adequately explain the rights that are to be waived, and to obtain express

waivers of these rights. That practice not only protects the rights of the defendant but also provides assurance that "an otherwise sound conviction will not fall due to an inadequate record." (*In re Tahl, supra,* 1 Cal.3d at p. 132, quoted in *People v. Howard, supra,* 1 Cal.4th at p. 1179; see also *People v. Wheeler* (1968) 260 Cal.App.2d 522, 525 [67 Cal.Rptr. 246].)

The Attorney General argues that we should infer the requisite qualities of voluntariness and intelligence from appellant's waiver of the second enhancement charged against him, charging a prior conviction of Health and Safety Code, section 11351. (As we shall discuss, we conclude that the waivers for that allegation were sufficient.) Appellant's counsel argues that because of the different way in which the waivers were handled, appellant might well have concluded that he had no right to a trial for the first prior, which alleged a previous conviction of assault with a deadly weapon, but that he did for the controlled substance conviction prior.

We decline to speculate as to what appellant may have thought. All of the pertinent authorities, through and including *Howard,* require that the *record* demonstrate that the waivers were voluntary and intelligent. This record does not meet the test. Consequently, it will be necessary to give proper admonitions and receive proper waivers and an admission to the assault prior, or to have a trial of the limited issue of whether appellant suffered that prior.

B

Appellant argues that the doctrine of double jeopardy precludes remand for a new trial of the prior conviction. He invokes the rule of *People v. Wojahn* (1984) 150 Cal.App.3d 1024 [198 Cal.Rptr. 277]. The Attorney General responds that *Wojahn* does not apply because the appellant waived jury and admitted the prior conviction before the jury was discharged. As we have seen, however, the record does not support the claim that appellant waived jury (or any of his other constitutional rights) as to the prior conviction for assault. Whether or not *Wojahn* was correctly decided in its former jeopardy holding,[2] we agree that the decision has no application to this case because the admission was made while the jury was still available to try the issue.

In *Wojahn,* the trial court granted a defendant's motion to bifurcate the trial of his prior conviction from the trial of new substantive offenses. The jury was discharged after it returned verdicts on the substantive offenses but

---

[2]The *Wojahn* issue is now before the Supreme Court, review having been granted on November 14, 1991, in *People v. Saunders* (1991) 9 Cal.App.4th 909 [285 Cal.Rptr. 485] (S022903) and other cases.

before any evidence of the prior conviction had been offered. Three weeks later the trial court instituted a new proceeding to determine the truth of the prior conviction. The defendant then waived jury trial, and the trial court sustained the prior conviction allegation. (150 Cal.App.3d at p. 1032.) The *Wojahn* court concluded that the former jeopardy principle prohibited the impanelling of a new jury to try the truth of the prior conviction. (*Id.* at p. 1035.)

Here, the jury had not been excused when appellant admitted the prior conviction for assault.[3] Unlike *Wojahn* and its progeny, the issue before us is not the consequence of an improvident discharge of a jury followed by an admission or court trial of prior conviction allegations. ■ Instead, the issue is whether the doctrine of double jeopardy prohibits retrial of a prior conviction following reversal of a sentence due to a procedural error by the trial court.

In *Lockhart* v. *Nelson* (1988) 488 U.S. 33 [102 L.Ed.2d 265, 109 S.Ct. 285], the defendant was subject to a recidivist enhancement upon a fourth conviction. Three prior convictions were alleged against him, and all were sustained. It later developed that one of the prior convictions was improperly charged because the defendant had received a pardon for the underlying crime. The issue was whether the prosecution could allege a different prior conviction, not previously presented, in order to sustain the enhancement. The high court held that there was no jeopardy bar to its doing so, since the enhancement had been set aside due to error in receiving evidence of the pardoned prior conviction rather than on account of an insufficiency of evidence. (See also *People* v. *Hockersmith* (1990) 217 Cal.App.3d 968, 976 [266 Cal.Rptr. 380].) This case presents a similar trial court error: the trial court sentenced appellant on the basis of a prior conviction that had not been established. In *Nelson*, the prior could not be used because a pardon had been issued. In this case, the prior was unavailable as a sentencing factor because of an absence of proper advisements and waivers of constitutional rights.

An earlier decision by the United States Supreme Court, *United States* v. *Tateo* (1964) 377 U.S. 463 [12 L.Ed.2d 448, 84 S.Ct. 1587], is particularly pertinent to the issue presented in this case. In *Tateo*, the defendant was tried

---

[3]The decision of the trial court to recess the jury, rather than to discharge it, is consistent with the 1988 amendment of section 1164. That amendment added subdivision (b) to the statute, which currently provides that "No jury shall be discharged until the court has verified on the record that the jury has either reached a verdict or has formally declared its inability to reach a verdict on all issues before it, including, but not limited to, the degree of the crime or crimes charged, and the truth of any alleged prior conviction whether in the same proceeding or in a bifurcated proceeding." (§ 1164, subd. (b); see Stats. 1990, ch. 800, § 1; Stats. 1988, ch. 413, § 1, p. 1780; Stats. 1989, ch. 1417, § 21.)

for kidnapping and four related charges of bank robbery. During the course of the trial, the district judge told defense counsel that if Tateo were found guilty, the court would impose a life sentence on the kidnaping charge and consecutive sentences on the other charges. (355 U.S. at p. 464 [12 L.Ed.2d at pp. 449-450].) The defense attorney conveyed this information to Tateo and advised him of the probability that he would be convicted. Tateo pleaded guilty to the four bank robbery charges. The jury was then discharged, the kidnapping count was dismissed, and Tateo was sentenced to prison.

In a subsequent proceeding, a different district judge granted Tateo's motion to set aside the conviction and granted a new trial on the ground that the guilty plea was not freely given. (377 U.S. at p. 464 [12 L.Ed.2d at pp. 449-450].) Tateo was reindicted on the kidnapping charge and was brought to trial on that charge and the four bank robbery charges to which he originally had pleaded guilty.

The district court took the view that all five counts were barred by the double jeopardy doctrine, and granted Tateo's motion to dismiss. The Supreme Court reversed. It held that while "[t]he Fifth Amendment provides that no 'person [shall] be subject for the same offense to be twice put in jeopardy of life or limb . . . ,' " this principle "does not preclude the Government's retrying a defendant whose conviction is set aside because of an error in the proceedings leading to conviction . . . ." (377 U.S. at p. 465 [12 L.Ed.2d at p. 450].)

The California Supreme Court applied *Tateo* in *People* v. *Shirley* (1982) 31 Cal.3d 18, 71 [181 Cal.Rptr. 243, 723 P.2d 1354], holding that retrial of a defendant whose rape conviction was reversed because of the erroneous admission of evidence was not barred by double jeopardy.

Here appellant's admission of his prior conviction for assault must be set aside only because of the trial court's failure to advise him of his constitutional rights and to obtain his waiver of those rights. There is no issue of the sufficiency of evidence to support the prior conviction. Under *Tateo*, we conclude that the former jeopardy principle does not preclude retrial of the prior conviction for assault.

■ Appellant argues that he cannot be retried for the assault prior conviction because the jury which determined his guilt on the new charges did not also determine the truth of the alleged prior conviction. That, he claims, violates the command of section 1025, which provides that the same

jury must try both the primary offense and the truth of any alleged prior convictions.[4]

Section 1025 speaks to the initial trial of a defendant who is charged with a new offense and prior convictions alleged for purposes of sentence. It does not address the circumstance of an appellate reversal of only an alleged prior conviction, coupled with an affirmance of the conviction on the primary offense. There is nothing in the statute to suggest that when this occurs, the defendant cannot be retried because the jury has been discharged. The consequence of the construction urged by appellant would be a windfall: he would forever escape the effect of his prior conviction on his present sentence. That is the sort of absurd result that courts are adjured to avoid in construing statutes. (See *People* v. *Boggs* (1985) 166 Cal.App.3d 851, 856 [212 Cal.Rptr. 683].)

While we find no reported appellate decision that has addressed the construction of section 1025 in the context of the issue we are discussing, we note that there is a well-established practice of ordering a retrial on the issue of an alleged prior conviction in cases where reversal is confined to the prior conviction and the conviction for the primary offense is affirmed. (See, e.g., *People* v. *Weathington* (1991) 231 Cal.App.3d 69, 91 [282 Cal.Rptr. 170] [vacating appellant's admission of prior convictions and sentence imposed thereon because the trial court refused to bifurcate the trial of the prior convictions, and remanding to the trial court for further proceedings on the issue of the prior convictions]; *People* v. *Tipton* (1984) 160 Cal.App.3d 853, 857 [206 Cal.Rptr. 821] [vacating sentence where motion to bifurcate trial of prior conviction denied, and remanding to the trial court for jury trial on the prior conviction].)

This practice is consistent with the decision of the Supreme Court in *People* v. *Morton* (1953) 41 Cal.2d 536 [261 P.2d 523]. In that case the court examined the question of whether a retrial of the issue of a prior conviction may be ordered on remand after a conviction of the new charges has been confirmed. While the opinion does not cite section 1025, the reasoning of the court is instructive on the retrial issue. The court concluded that "[w]hen the sole question on remand from an appellate court involves the proof of an alleged prior conviction, there is no reason to require the parties to retry the

---

[4]Section 1025 provides in pertinent part: "When a defendant who is charged in the accusatory pleading with having suffered a previous conviction pleads either guilty or not guilty of the offense charged against him, he must be asked whether he has suffered such previous conviction. . . . If he answers that he has not, his answer must be entered in the minutes of the court, and the question whether or not he has suffered such previous conviction must be tried by the jury which tries the issue upon the plea of not guilty, or in case of a plea of guilty, by a jury impaneled for that purpose, or by the court if a jury is waived."

question of guilt of the primary offenses when the correctness of the determination of this question is not challenged by either party. There is nothing prejudicial involved in a limited new trial on the issue of the challenged prior conviction by a jury different from that which tried the issue of guilt of the primary offenses. That issue and the proof of prior convictions are clearly severable. [Citations.] Proof of prior convictions or the adjudication that the defendant is an habitual criminal does not involve substantive offenses, but merely provides for increased punishment of those whose prior convictions fall within the scope of these statutes." (At p. 543.)

As we have pointed out, appellant does not challenge his conviction for the primary offense of possession of cocaine base for sale. The only claim of error pertinent to this issue concerns his admission of the prior conviction for assault. We conclude that remand for the limited purpose of a trial on the truth of the prior conviction for assault with a deadly weapon is proper.

## II

### *The Prior Conviction for Violation of Health and Safety Code Section 11351*

Appellant contends that his waivers of constitutional rights as to the second alleged prior conviction were insufficient because the record does not reflect that appellant understood his rights and the meaning of the waivers. Here the district attorney specifically asked appellant if he was waiving his right to jury trial, his right to confront and cross-examine witnesses, and his privilege against self-incrimination. The admonition, while minimal, was sufficient. (Cf. *People* v. *Balderrama* (1990) 221 Cal.App.3d 282, 286-288 [270 Cal.Rptr. 432].)

Appellant also argues that he did not expressly admit the second prior conviction. Again, although the record does not reflect a model admission, appellant unequivocally expressed his intention to admit the second prior. (See *In re Moss* (1985) 175 Cal.App.3d 913, 925 [221 Cal.Rptr. 645].)

## III

### *Credit*

Appellant was not credited for one year of time served in county jail as a condition of probation on case No. A987155. (§ 2900.5.) Upon remand, the trial court is directed to credit this time pursuant to law.

## DISPOSITION

The judgment of conviction of a violation of Health and Safety Code section 11351.5 and the additional three-year enhancement imposed pursuant to Health and Safety Code section 11370.2, subdivision (b) are affirmed. That part of the judgment imposing an additional sentence of one year pursuant to section 667.5, subdivision (b) for the prior conviction for assault with a deadly weapon is reversed, and the cause is remanded for trial on the issue of whether appellant suffered that conviction, and for resentencing. Appellant is to have presentence credit for time served in county jail as a condition of probation in case No. A987155.

Woods (A. M.), P. J., and Taylor, J.,* concurred.

---

*Judge of the Los Angeles Superior Court sitting under assignment by the Chairperson of the Judicial Council.