Filed 12/23/21  P. v. Cummings CA1/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

### IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

### FIRST APPELLATE DISTRICT

### DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>JERMONTA ROUCHAN CUMMINGS,<br><br>        Defendant and Appellant. | A159610<br><br>(Alameda County Super. Ct. No. 17CR029946) |

After the trial court declared a mistrial on defendant Jermonta Rouchan Cummings' prior conviction allegation, the court impaneled a different jury that found the allegation true.  On appeal, defendant's sole contention is that the retrial of the prior conviction allegation was barred by Penal Code sections 1025 and 1158[1] and therefore the finding must be vacated, and the case remanded for resentencing.  We affirm.

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

1

## BACKGROUND[2]

In July 2018, the Alameda County District Attorney filed an information alleging one count of attempted murder (§§ 664, 187, subd. (a)), one count of felony aggravated mayhem (§ 205), and one count of felony assault with a deadly weapon (§ 245, subd. (a)(1)).  The information also included special allegations of personal infliction of great bodily injury (§ 12022.7, subd. (a)) and use of a deadly weapon (§ 12022, subd. (b)(1)) as to all three counts, and that defendant had suffered one prior strike conviction (§ 1170.12, subd. (c)(1)).

The jury found defendant not guilty of count 1 (attempted murder), guilty of count 3 (assault with a deadly weapon) and did not reach a verdict as to count 2 (aggravated mayhem).

After the court granted the prosecution's motion to amend count 2 to simple mayhem (§ 203), the jury found defendant guilty as to that count and also found true the bodily injury and deadly weapon special allegations as to counts 2 and 3.  However, in bifurcated proceedings, the jury was unable to reach a determination as to the prior strike allegation, and the court declared a mistrial pursuant to section 1140.[3]

About two weeks later, the court ordered a new panel of prospective jurors, and defendant subsequently filed a motion objecting to retrial of the prior strike conviction pursuant to sections 1025, subdivision (b) and 1158.

---

[2] We recite only those facts relevant to the issue on appeal.

[3] Section 1140 provides, "Except as provided by law, the jury cannot be discharged after the cause is submitted to them until they have agreed upon their verdict and rendered it in open court, unless by consent of both parties, entered upon the minutes, or unless, at the expiration of such time as the court may deem proper, it satisfactorily appears that there is no reasonable probability that the jury can agree."

Following a hearing, the court denied the motion, and the newly impaneled jury proceeded to find true the alleged prior conviction.

The court sentenced defendant to an aggregate term of 19 years, consisting of an eight-year term for the mayhem count, doubled to 16 years because of the prior, along with a three-year consecutive term for the great bodily injury special allegation. Count 2 and the remaining special allegations for counts 2 and 3 were stayed.

## DISCUSSION

Defendants have a state statutory right to a jury trial on the truth of prior conviction allegations. (§§ 1025, 1158; *People v. Epps* (2001) 25 Cal.4th 19, 23.)

Section 1025, subdivision (b) provides: "Except as provided in subdivision (c), the question of whether or not the defendant has suffered the prior conviction shall be tried by the jury that tries the issue upon the plea of not guilty, or in the case of a plea of guilty or nolo contendere, by a jury impaneled for that purpose, or by the court if a jury is waived."[4]

Section 1158 provides, in pertinent part: "Whenever the fact of a previous conviction of another offense is charged in an accusatory pleading, and the defendant is found guilty of the offense with which he is charged, the jury, or the judge if a jury trial is waived, must, unless the answer of the defendant admits such previous conviction, find whether or not he has suffered such previous conviction."

Defendant maintains that having elected to have a jury find whether or not he suffered the alleged prior conviction, the statutory scheme does "not

---

[4] Section 1025, subdivision (c) states: "Notwithstanding the provisions of subdivision (b), the question of whether the defendant is the person who has suffered the prior conviction shall be tried by the court without a jury."

3

allow *any* jury except the one which decided the guilt [on the primary offense] to make a determination on the priors." (Italics added.) Or stated differently, defendant contends *only* the jury that determined his guilt on the primary offenses can determine the truth of any prior conviction allegation.

The Attorney General maintains defendant forfeited the issue by failing to object "at the time the court discharged the jury after the court determined the jury was hopelessly deadlocked requiring a mistrial on the prior strike allegation." As we have recited, defendant did object later.

The Attorney General relies on *People v. Saunders* (1993) 5 Cal.4th 580 (*Saunders*). In that case, the defendant pleaded not guilty to several charges and denied prior conviction allegations. (*Id.* at p. 586.) In a bifurcated trial, the jury returned its verdict on the substantive charges. The trial court then discharged the jury "because the court—reasonably, in light of defense counsel's representations—believed that defendant did not wish to have the issue of the truth of the prior conviction allegations determined by the jury" because it believed the defendant was going to waive a jury trial on the priors. (*Id.* at pp. 587, 591.)

After defense counsel stated she would not have advised defendant to waive a jury had she known the jury was actually discharged, defendant was allowed to withdraw his waiver and then moved to dismiss the prior conviction allegations on double jeopardy grounds. (*Saunders, supra,* 5 Cal.4th at p. 587.) The trial court denied the motion and impaneled a new jury to determine the truth of the allegations. (*Ibid.*)

On review, the Supreme Court addressed "whether further proceedings to determine the truth of alleged prior convictions are barred if, after such bifurcation has been ordered, the jury returns a verdict of guilty and is discharged, without objection by the defendant, before the truth of the prior

4

conviction allegations has been determined or a jury waiver taken as to those allegations." (*Saunders, supra*, 5 Cal.4th at p. 585.)

The high court concluded the trial court had erred by "discharging the jury before the jury had determined the truth of the alleged prior convictions." (*Saunders, supra*, 5 Cal.4th at p. 589.)  But since the defendant did not "call this error to the court's attention by timely objection," he was precluded from "obtaining appellate relief on the basis of the statutory error committed by the trial court." (*Ibid.*; see *People v. Grimes* (2016) 1 Cal.5th 698, 737–738 [the defendant forfeited statutory right to jury trial on prior conviction allegations by failing to object in the trial court].)

The instant case is distinguishable.  Here, neither counsel nor defendant made any representations about waiver.  Moreover, the trial court did not inadvertently dismiss the jury before trial on the prior conviction allegation.  Rather, the same jury that determined defendant's guilt on the primary offenses also heard the evidence as to his prior conviction.  Accordingly, we are not prepared to say the *Saunders* forfeiture rule applies.

In any case, defendant's claim of error fails on the merits.

The plain language of the statute does not foreclose a retrial, following a declared mistrial, in bifurcated trial on a prior conviction allegation.  The statute states, "the question of whether . . . defendant has suffered the prior conviction shall be tried by the jury that tries the issue upon the plea of not guilty." (§ 1025, subd. (b).)  It makes no mention of retrial following a mistrial.  Nor does it state that *only* the jury who has decided guilt on the primary offense can determine the truth of an alleged prior conviction.  Rather, the statutory language reflects an intent to secure the right to a jury trial on a prior allegation, absent a waiver by the defendant.  (See *People v. Tindall* (2000) 24 Cal.4th 767, 773 ["Because section 1025 was enacted over a

5

century ago [citation], our review of its legislative history sheds no light on the purpose behind the same-jury requirement, which existed from the time of the statute's 1874 enactment. [Citations.] However, we do perceive a possible and obvious reason for the same-jury requirement—judicial economy."].)

Defendant's reliance on *People v. Ysabel* (1938) 28 Cal.App.2d 259 (*Ysabel*), disapproved on other grounds as stated in *People v. Thomas* (1959) 52 Cal.2d 521, 534, is misplaced.

In *Ysabel*, after a jury found the defendant guilty of an underlying charge, it indicated it was unable to agree on the truth of the prior conviction allegations. (*Ysabel, supra*, 28 Cal.App.2d at p. 260.) The trial court discharged the jury and set a date for retrial on the prior convictions. Before retrial, the court sentenced the defendant to state prison but ordered that he be held in county jail until retrial of his prior convictions. (*Ibid.*) The defendant moved to dismiss the retrial " 'upon the ground that the court has no further jurisdiction in this case.' " (*Ibid.*) A different trial court agreed and granted the motion, and the People appealed. (*Ibid.*)

On appeal, the Court of Appeal held that "where a jury disagrees" on the truth of a prior conviction allegation "we are unable to find where any authority has been given the court to segregate the issues by accepting a partial verdict and separately trying one of the facts upon which the jury could not agree." (*Ysabel, supra*, 28 Cal.App.2d at p. 264.) In so holding, the court did not rely on section 1025, but instead looked to sections 969a—or rather an amendment to that section[5]—and 1158 in ruling that "[p]rior

---

    [5] Former section 969a stated "not only that pending indictments or informations could be amended by including charges of subsequently discovered prior convictions but that, at any time after judgment and before the sentence had been served, prior convictions could be set up in a

convictions are to be considered for their effect upon the new offense charged and the statute provides that if the jury finds a verdict of guilty as to the new offense, or main issue, it shall also pass upon the other question." (*Id.* at p. 263.) The court went on to state that this "can no longer be done here since the main issue has been determined, the judgment pronounced and the jury discharged." (*Ibid.*)

Thus, the issue before the court in *Ysabel* was not whether retrial after mistrial is permitted, but rather "whether the court had the authority or jurisdiction to accept a partial verdict and, after pronouncing sentence, to proceed to retry the prior conviction issues at another time and before another jury, thus dividing the issues and trying them piecemeal," and, in turn, meting out punishment in separate increments. (*Ysabel, supra,* 28 Cal.App.2d at p. 261.)

That is not the case here. The trial court did not "accept a partial verdict" and pronounce sentence thereon. (See *People v. Morton* (1953) 41 Cal.2d 536, 542 (*Morton*) [in *Ysabel*, "[t]he controlling question there was the propriety of the trial court's action in pronouncing judgment on the primary offense and ordering defendant Ysabel held for further trial on the prior conviction charges after discharging the jury"].)

Further, as *Ysabel* explained, "[w]hile it has been held in a number of cases that a general verdict of guilty, without mentioning a prior conviction charge, is a verdict in favor of the defendant on the latter issue [citations], it

---

supplemental information, and, if denied, could be passed upon by a jury or by the court if a jury was waived. The latter provision, permitting the submission of the issue of prior convictions to a different jury, was eliminated in 1931 and that section now 'provides only for an amendment of a pending indictment or information so as to set forth the prior conviction or convictions.' " (*Ysabel, supra,* 28 Cal.App.2d at pp. 262–263.)

7

cannot be held that the same result obtains where it affirmatively appears that a jury has been unable to agree on such an issue and has been discharged. [Citation.] *The failure of this jury to find thereon was not an acquittal on the prior conviction charges.*" (*Ysabel, supra*, 28 Cal.App.2d at p. 261, italics added.)

Accordingly, *Ysabel* does not stand for the proposition that defendant asserts—that *only* the jury that determines guilt on the primary offenses can determine the truth of a prior conviction allegation.[6]

---

[6] Defendant's reliance on other cases that he claims bolster the asserted proposition set forth in *Ysabel*—"that the same jury that renders a verdict on guilt must also determine the truth of any prior convictions"—is also misplaced. As we have explained, *Ysabel* does not stand for that proposition. Nor do the other cases defendant cites.

In *People v. Collins* (1953) 117 Cal.App.2d 175, 183, the defendant asserted he "should have had a separate jury impaneled to try his alleged prior conviction" rather than having the same jury panel that decided the substantive counts decide the issue. In rejecting this assertion, the Court of Appeal, relying on *Ysabel, supra*, 28 Cal.App.2d 259, stated " 'The whole spirit and intent of these statutes [i.e., section 969a and 1158] appear to be that a prior conviction charge is to be determined solely as one of the issues in the trial for the new offense." (*Collins,* at p. 183.) Nothing in this holding speaks to the issue at hand—that of a new jury on the truth of a prior conviction allegation following a mistrial.

In *People v. Hoerler* (1962) 208 Cal.App.2d 402, 404, the defendant asserted the "procedure of proving prior convictions, together with substantive offenses, was an unconstitutional denial of the right to a fair and impartial trial" and maintained the "proper procedure is a bifurcated proceeding in which the fact of the prior conviction is determined in a proceeding after the conviction of the primary offense." (*Id.* at p. 408.) The court ruled defendants are "not entitled to have a separate jury impaneled to try the alleged prior conviction," and the whole "spirit of intent of the statutory provisions [i.e., sections 969, 1025, 1093, and 1158] for proving and alleging prior convictions is that the charge . . . shall be passed upon in connection with the new offense charged and by the same jury." (*Id.* at p. 409.) Nothing in this holding speaks to the issue at hand, either.

8

Defendant also cites to *People v. Wojahn* (1984) 150 Cal.App.3d 1024 (*Wojahn*).  In that case, after a jury convicted the defendant of all the substantive charges, the trial court inadvertently discharged the jury before having it determine the issue of the prior conviction.  (*Id.* at pp. 1029, 1032.)  Over the defendant's objection, the court instituted new proceedings to determine the truth of the prior allegation.  The defendant then waived his right to a jury trial, and the trial court found the prior conviction allegation true.  (*Id.* at p. 1029.)

On appeal, the defendant maintained the court was without jurisdiction to try him on the prior after having dismissed the jury, "as he was constitutionally entitled to the same jury in both parts of the bifurcated proceeding," and that the procedure violated the prohibition against double jeopardy.  (*Wojahn, supra*, 150 Cal.App.3d at p. 1032.)  The court stated section 1025 "does not contain any provision permitting the trial court to impanel a jury to try the issue of the prior conviction, for good cause or any cause, different from the jury impanelled [*sic*] to try the criminal offense alleged.  On the contrary, the Legislature has said, as plainly as can be said in legislative jargon, that the jury that convicts *must* try the issue of whether or not the defendant suffered the alleged prior conviction."  (*Wojahn,* at

---

In *People v. Hickok* (1964) 230 Cal.App.2d 57, the same jury that decided the defendant's guilt of primary offenses decided the truth of prior conviction allegations.  On appeal, the defendant maintained it was "error to bring before the jury the question of his prior convictions before the determination of his guilt or innocence on the robbery charge" and that a "bifurcated trial, or at least bifurcated deliberation by the jury, was required, and that no matter respecting his prior convictions should have brought to the attention of the jury until after his guilt on the primary charge had been determined."  (*Id.* at p. 60.)  Again, this case does not stand for the proposition that retrial following a mistrial in bifurcated proceedings on a prior conviction allegation is not allowed.

pp. 1033–1034, italics omitted.) Accordingly, the court held "when the jury was sworn, it was sworn to try both the issue of guilt of the substantive criminal offense *and* the issue of the truth of the alleged prior conviction. Consequently, jeopardy attached to *both* issues. When the trial court improvidently discharged the jury after it returned a guilty verdict but before the issue of the prior conviction was tendered to it, double jeopardy considerations prohibited the impanelling [*sic*] of a new jury to try the issue of the prior conviction." (*Id.* at p. 1035.)

Defendant's reliance on *Wojahn* is unavailing. That case dealt with double jeopardy implications not at issue here. Further, as the Supreme Court in *Saunders*, *supra*, 5 Cal.4th 580 explained, the Legislature amended section 1164, in part, "to prevent recurrence of the situation that arose in *Wojahn* by directing the trial court not to discharge the jurors until the court had confirmed that any alleged prior convictions had been considered by them." (*Saunders*, at p. 589.) Section 1164, subdivision (b) now provides, "No jury shall be discharged until the court has verified on the record that the jury has either reached a verdict or has formally declared its inability to reach a verdict on all issues before it, including . . . the truth of any alleged prior conviction whether in the same proceeding or in a bifurcated proceeding."

Here, unlike in *Wojahn*, the issue of the prior conviction was tendered to the jury that returned defendant's guilty verdict. But that same jury was unable to reach a finding as to the alleged prior, leading the court to discharge the jury pursuant to section 1140 and necessitating a retrial. (See *Ysabel, supra*, 28 Cal.App.2d at p. 261 [The failure of this jury to find the truth of a prior conviction allegation is "not an acquittal on the prior conviction charges."].)

10

In addition, the high court in *Saunders, supra*, 5 Cal.4th 580, disapproved the holding in *Wojahn*. (*Saunders*, at pp. 596–597 ["because determination of the truth of the alleged prior convictions was bifurcated from the trial of the current charges, the court's action in conducting further proceedings to determine the truth of those allegations, following discharge of the jury that returned the guilty verdict, did not violate the double jeopardy clause of either the United States Constitution or the California Constitution"]; see *id*., at p. 597, fn. 9.)

Our Supreme Court has also indicated that *retrial* by a jury other than the jury that determined the defendant's guilt, is allowable.

In *Morton, supra*, 41 Cal.2d 536, the court concluded there was insufficient evidence to prove the defendant suffered a prior conviction. (*Id.* at p. 540.) In remanding for retrial on the prior, the court held "[w]hen the sole question on remand from an appellate court involves the proof of an alleged prior conviction, there is no reason to require the parties to retry the question of the primary offenses when the correctness of the determination of this question is not challenged by either party." (*Id.* at p. 543.) "There is nothing prejudicial involved in a limited new trial on the issue of the challenged prior conviction by a jury different from that which tried the issue of guilt of the primary offenses. That issue and the proof of prior convictions are clearly severable. [Citations.] Proof of prior convictions or the adjudication that the defendant is an [*sic*] habitual criminal do not involve substantive offenses, but merely provide for increased punishment of those whose prior convictions fall within the scope of these statutes. [Citation.] The important relation between the primary offenses and the prior convictions charged is, therefore, the sentence to be imposed, and the jury does not participate in that. (*Ibid.*)

11

In *People v. Barragan* (2004) 32 Cal.4th 236 (*Barragan)*, the high court also dealt with retrial of a strike allegation after an appellate court reversed the finding for insufficient evidence. (*Id.* at p. 239.) The high court— although citing *Morton* with approval—found it was not dispositive to the issue raised on appeal, namely whether retrial of prior convictions was barred by the doctrines of estoppel, res judicata, law of the case, fundamental fairness, and legislative intent. (*Id.* at p. 243.) The court went on to explain none of those doctrines barred retrial. (*Id.* at pp. 243–258.) As to legislative intent, the court stated, nothing in the pleading and proof requirements of sections 1025 and 1158 "suggests a legislative intent to preclude retrial after an appellate court reverses, for insufficient evidence, a fact finder's true finding on a prior conviction." (*Barragan,* at p. 258.)

Additionally, at least one Court of Appeal has determined retrial is appropriate. In *People v. Moore* (1992) 8 Cal.App.4th 411 (*Moore*), the Court of Appeal determined the defendant's admission of his prior conviction had to be set aside because the trial court failed to properly advise him of his constitutional rights and to obtain a waiver of those rights. (*Id.* at p. 413.) The defendant asserted, among other things, he could not be "retried for the assault prior conviction because the jury which determined his guilt on the new charges did not also determine the truth of the alleged prior conviction" and that retrial by a different jury would violate "the command of section 1025." (*Id.* at pp. 420–421.)

The Court of Appeal held, "Section 1025 speaks to the initial trial of a defendant who is charged with a new offense and prior convictions alleged for purposes of sentence. It does not address the circumstance of an appellate reversal of only an alleged prior conviction, coupled with an affirmance of the conviction on the primary offense. There is nothing in the statute to suggest

12

that when that occurs, the defendant cannot be retried because the jury has been discharged.  The consequence of the construction urged by appellant would be a windfall: he would forever escape the effect of his prior conviction on his present sentence.  That is the sort of absurd result that courts are adjured to avoid in construing statutes.  (See *People v. Boggs* (1985) 166 Cal.App.3d 851, 856. . . .)"  (*Moore, supra*, 8 Cal.App.4th at p. 421; see *Barragan, supra*, 32 Cal.4th at p. 258, fn. 8 [stating, "Although citing section 1025, subdivision (b), in support of his 'pleading and proof' argument, defendant does not contend that this statute directly bars retrial by providing that a prior conviction allegation 'shall be tried by the jury that tries the issue upon the plea of not guilty. . . ,' " and citing and impliedly endorsing *Moore*.].)

The appellate court went on to state, "While we find no reported appellate decision that has addressed the construction of section 1025 in the context of the issue we are discussing, we note that there is a well-established practice of ordering a retrial on the issue of an alleged prior conviction in cases where reversal is confined to the prior conviction and the conviction for the primary offense is affirmed.  (See, e.g., *People v. Weathington* (1991) 231 Cal.App.3d 69, 91 . . . [vacating appellant's admission of prior convictions and sentence imposed thereon because the trial court refused to bifurcate the trial of the prior convictions, and remanding to the trial court for further proceedings on the issue of the prior convictions]; *People v. Tipton* (1984) 160 Cal.App.3d 853, 857 . . . [vacating sentence where motion to bifurcate trial of prior conviction denied, and remanding to the trial court for jury trial on the prior conviction].)"  (*Moore, supra*, 8 Cal.App.4th at p. 421.)

13

Defendant acknowledges these cases, but contends they are distinguishable because they did not involve mistrials or hung juries. Rather, they dealt with "sufficiency of the evidence used to prove a prior conviction" as in *Morton* and *Barragan*, or are not binding precedent as is *Moore*. Defendant does not explain, however, why a retrial ordered on appeal for insufficiency of the evidence is distinguishable in any meaningful way from a retrial ordered in the trial court out of legal necessity, in this case because of a hung jury.

We therefore see no reason why retrial by a different jury of defendant's alleged prior conviction would run afoul of sections 1025 and 1158. As the *Moore* court explained, "appellant does not challenge his conviction for the primary offense. . . . The only claim of error pertinent to this issue concerns his admission of the prior conviction. . . . We conclude that remand for the limited purpose of a trial on the truth of the prior conviction . . . is proper." (*Moore, supra*, 8 Cal.App.4th at p. 422 [citing the reasoning in *Morton, supra*, 41 Cal.2d 536, as instructive].)

## DISPOSITION

The judgment is affirmed.

 

_____
Banke, J.

We concur:


_____
Humes, P.J.


_____
Margulies, J.

A159610, People v. Cummings

15